UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARISSA LaMAY,

    Plaintiff,

v

MICHIGAN STATE POLICE, an
agency of the State of Michigan, JOSEPH M.
GASPER, in his individual and official capacities,
and KEYONN WHITFIELD,
in his individual capacity,

    Defendants.

Case No.  4:20-cv-12617
Hon:  Stephanie Dawkins Davis

James K. Fett (P39461)
Fett & Fields, P.C.
805 E. Main St.
Pinckney, MI  48169
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorney for Plaintiff

Mark Donnelly (P39281)
Kyla Barranco (P81082)
Adam R. deBear (P80242)
Dept. of Attorney General
525 W. Ottawa St Fl 2
PO Box 30754
Lansing, MI 48933-1067
(517) 335-7573
donnellym@michigan.gov
barrancok@michigan.gov
debeara@michigan.gov
Attorneys for Defendants

# PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, through counsel, Fett & Fields, P.C., states the following claims against Defendants:

## NATURE OF CLAIM

1.    This is a *Fourteenth Amendment, 42 U.S.C. §1983 Equal Protection, 42 U.S.C. §2000 and Elliott-Larsen Civil Rights Act ("ELCRA")* action for race and sexual orientation discrimination.

## JURISDICTION AND PARTIES

2. Plaintiff invokes the jurisdiction of this Court pursuant to *28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4), and 28 U.S.C. §1367*.

3. The events giving rise to this cause of action occurred in the Western and Eastern Districts of Michigan.

4. Plaintiff has exhausted administrative remedies with the EEOC which issued a right to sue letter.

5. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

6. Plaintiff is a White female, a citizen of the United States and the State of Michigan; she joined the Michigan State Police in August 1998 and is now a sergeant at the Michigan State Police ("MSP") Metro North Post.

7. Defendant MSP is the state's premier law enforcement agency; as a para-military organization, its members scrupulously follow policy and orders issued by superiors.

8. Defendant Joseph M. Gasper is the Director of the MSP and along with Governor Whitmer has decided that the MSP will grant racial preferences to Blacks as a means of equalizing the racial composition of the MSP workforce with the racial composition of Michigan's population.

9. Defendant Keyonn Whitfield is the MSP Metro North Post Commander.

10. Governor Whitmer appointed Defendant Gasper Director of the MSP in January 2019.

11. Defendant Gasper on February 6, 2019 convened a Director's Meeting at MSP headquarters where he announced that the "number one priority" is "diversity" which was to be achieved by racial and gender preferences.

12. In attendance were Inspector level and above enlisted and civilian personnel.

13. Defendant stated that "diversity" is to be achieved at all levels of the MSP through the recruiting and promotional processes.

14. He also emphasized that gender, race and life experiences carried the same weight as experience and seniority in selecting candidates for hire and promotion.

15. At the Spring Director's Meeting on May 13, 2019, Defendant Gasper again emphasized that the "number one priority" for the agency is "diversity" and spoke at length about the importance of diversifying all ranks of the MSP.

16. At the MSP Fall Forum on October 8, 2019, Defendant Gasper again reiterated how the "number one priority" in the Department is "diversity."

17. He also spoke at length about how the MSP is **"way too White and way too male;"** he then revealed that part of the MSP diversity initiative is to set aside 25% of the positions within the MSP for minorities and 20% for females.

18. Coming from the top official of a para-military organization, Defendant Gasper's directive to prefer minorities constitutes standard operating procedure, a pattern and practice of racial preferences designed to favor Blacks over Whites at all levels of the agency.

19. The MSP also made clear at the Fall Forum that its notion of "diversity" also included gender preference; a gay male trooper gave a presentation on the challenges faced by gay law enforcement officers.

20. Lt. Keyonn Whitfield, the MSP Metro North Post Commander, himself a beneficiary of racial preferences, apparently missed the point of the gay trooper's presentation.

21. At a mandatory Metro North Post sergeants meeting on November 20, 2019, Defendant Whitfield presided over the meeting and negatively referred to the gay trooper at the

Fall Forum; he expounded 6-7 times on the oddity of a gay law enforcement officer.

22. Whitfield's comments made Plaintiff, who is gay, extremely uncomfortable, especially when her colleagues, knowing her sexual orientation, nervously looked at her when Whitfield repeatedly made his comments.

23. After the meeting several of her colleagues consoled her and asked if she "was alright."

24. Whitfield's bias against gay employees was laid bare in the presence of 10 sergeants and 1 lieutenant, yet nobody reported the comments until 5 months later.

25. This bias would shortly taint his decision to deny Plaintiff the Metro North Assistant Post Commander position.

26. Nobody reported Whitfield's gay-bashing statements until Lt. Marcus Trammel informed the District Command in early April 2020; the MSP issued him unwarranted discipline on account of his protected activity.

27. In 2020, Defendants remained concerned that they did not have enough Black command officers in the Second District which covers the metropolitan Detroit area and includes the Metro North Post.

28. It was in this context that Plaintiff applied for the Metro North Assistant Post Commander Position in mid-January 2020.

29. Defendant Whitfield pre-selected a Black sergeant for the promotion.

30. Less than a year before her pre-selection she was disciplined for failing to show up for work and falsifying records to conceal it.

31. On information and belief, the hiring manager, Defendant Whitfield, met with the pre-selected Black sergeant in advance of the interviews to prepare her for the interview; it is also

4

believed that Whitfield provided the pre-selected candidate the interview questions and answers.

32. On January 29, 2020, Whitfield notified applicants that interviews would be heard on Thursday, February 6, 2020.

33. Plaintiff immediately requested that she be allowed to interview on Monday, February 10, 2020, because she would be out of town on an approved, prepaid cruise vacation with her family.

34. Whitfield declined the request but offered a Skype interview which would likely have been impossible on a cruise ship; in any event, Whitfield had already let it be known that he had pre-selected the Black candidate.

35. Whitfield gave the Black candidate the promotion on February 6, 2020, despite the fact that she still had active discipline in her file.

36. Two months later, in early April 2020, the MSP had yet to address Whitfield's sexual orientation smears.

37. It probably never would have had Lt. Trammel not informed the Second District Command.

38. Trammel's report brought the wrath of Second District Commander Captain Tom Deasy who spent the majority of an April 20, 2020 command meeting attacking him for disloyalty.

39. Not a word was uttered about Whitfield's comments until the end of the meeting when Lt. Sarah Krebs raised the issue; Deasy's response was "no complaint was filed so there was nothing to discuss."

40. Later it must have occurred to Deasy that he, as a command officer, was duty-bound to report Whitfield's comments because he did shortly thereafter.

41. Plaintiff made her own report on April 27, 2020, informing Inspector Lisa Rish of

5

Human Resources that Whitfield's bias and the departmental mandate to promote Blacks in the Second District unfairly deprived her of the Assistant Post Commander position and Whitfield's remarks created a hostile work environment.

42. The MSP investigated Plaintiff's promotional claim, erroneously concluding that it had no merit.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1983
## (FOURTEENTH AMENDMENT EQUAL PROTECTION)
## (AGAINST GASPER AND WHITFIELD)

43. Plaintiff incorporates by reference the preceding paragraphs.

44. Plaintiff is a high-performing White female detective sergeant with a sterling employment record.

45. Defendant Gasper was acting under the color of state law when he jump-started the MSP standard operating procedure (pattern and practice) of racial and gender preferences in the terms and conditions of employment (as described above), much to the detriment of White employees; in other words, Defendant was intimately involved in creating and implementing/enforcing the MSP's new and improved racial and gender preferences.

46. Defendant Whitfield was acting under color of state law when he denied Plaintiff promotion to lieutenant because of her race.

47. Defendants deprived Plaintiff of her right to Equal Protection as guaranteed by the *14th Amendment to the United States Constitution* by denying her a promotion because she is White.

48. Defendants are the usual governmental officials that discriminate against White employees.

49. Defendants' illegal race discrimination has caused Plaintiff damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Gasper, in his official and personal capacities, as appropriate, and Defendant Whitfield in his individual capacity for:

    a. Economic damages (personal capacity);

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions (personal capacity);

    c. Costs, interest and reasonable attorney fees as provided by 42 U.S.C. §1988 (both);

    d. Punitive damages against Defendants in their personal capacity;

    e. An injunction against Defendant Gasper's illegal racial and gender preferences (official capacity);

    f. A declaration that Gasper's official capacity conduct as described above violates the state and federal constitutions and statutes; and

    g. Such other equitable relief as the Court deems just.

### COUNT II - 42 USC §1983 SEXUAL ORIENTATION (AGAINST DEFENDANT WHITFIELD ONLY)

50. Plaintiff incorporates by reference each of the preceding paragraphs.

51. Defendant Whitfield was acting under color of state law when he denied Plaintiff promotion to lieutenant because of her gender preference.

52. Defendants deprived Plaintiff of her right to Equal Protection as guaranteed by the *14th Amendment to the United States Constitution* by denying her a promotion because of her gender preference.

53. Defendants' illegal gender preference discrimination has caused Plaintiff damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Whitfield in his personal capacity for:

    a. Economic damages;

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees as provided by 42 U.S.C. §1988; and

    d. Punitive damages.

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF THE ELCRA AND ART. I, §26 OF THE MICHIGAN CONSTITUTION
## (AGAINST DEFENDANTS MSP, GASPER AND WHITFIELD)

54. Plaintiff incorporates by reference the preceding paragraphs.

55. Plaintiff is a White female.

56. The individual Defendants at all times had the ability to and did affect or control Plaintiff's terms and conditions of employment as set forth in *McClements v Ford Motor Co,* 473 Mich 373, 385-387 (2005).

57. Defendants refused to promote Plaintiff because she is White.

58. That is, Plaintiff's status as a White employee was at least a factor, if not the only factor, that made a difference in Defendants' decision not to promote Plaintiff.

59. Defendants' failure to promote Plaintiff violates the Elliot-Larsen Civil Rights Act and Mich Const 1963, Art 1, §26.

60. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered, and will continue to suffer emotional distress, including humiliation, loss of reputation, outrage and economic loss.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants MSP, Gasper and Whitfield for:

a. Economic damages;

b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

c. Costs, interest and reasonable attorney fees as provided by ELCRA;

d. An injunction against Defendant Gasper's illegal racial preferences;

e. A declaration that Defendant Gasper's conduct as described above violates the state and federal constitutions and statutes; and

f. Such other equitable relief as the Court deems just.

## COUNT IV - ELCRA SEXUAL ORIENTATION DISCRIMINATION (AGAINST DEFENDANTS MSP AND WHITFIELD)

61. Plaintiff incorporates by reference the preceding paragraphs.

62. Plaintiff is a gay female.

63. The individual Defendants at all times had the ability to and did affect or control Plaintiff's terms and conditions of employment as set forth in *McClements v Ford Motor Co,* 473 Mich 373, 385-387 (2005).

64. Defendants refused to promote Plaintiff because she is gay.

65. That is, Plaintiff's sexual orientation was at least a factor, if not the only factor, that made a difference in Defendants' decision not to promote Plaintiff.

66. Defendants' failure to promote Plaintiff violates the Elliot-Larsen Civil Rights Act and Mich Const 1963, Art 1, §26.

67. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered, and will continue to suffer emotional distress, including humiliation, loss of reputation, outrage and economic loss.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants MSP and Whitfield for:

    a. Economic damages;

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees as provided by ELCRA;

    d. A declaration that Defendants' conduct as described above violates the state and federal constitutions and statutes; and

    e. Such other equitable relief as the Court deems just.

## COUNT V - 42 USC § 2000 et seq
## TITLE VII OF CIVIL RIGHTS ACT OF 1964
## (AGAINST THE MICHIGAN STATE POLICE)

68. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

69. Plaintiff filed an EEOC complaint and has received a right to sue letter from the EEOC.

70. Defendant discriminated against Plaintiff because of her race, White.

71. Plaintiff's status as White was at least a factor in Defendant MSP's decision to reject Plaintiff's application for promotion; consequently, this case should be analyzed as a mixed-motive case as described in *White v Baxter,* 533 F3d 381, 400 (6th Cir 2008).

72. Defendant's failure to promote Plaintiff because she is White violated Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et seq.

73. As a proximate result of Defendant MSP's unlawful actions against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity;

humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries; and loss of the ordinary pleasures of life, including the right to pursue gainful employment in his occupation of choice.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant MSP for:

   a. Economic damages in whatever amount above $75,000.00 she is found to be entitled, including damages for lost wages and the value of fringe benefits, past and present;

   b. Non-economic damages in whatever amount above $75,000.00 she is found to be entitled;

   c. Exemplary damages in whatever amount above $75,000.00 she is found to be entitled;

   d. An award of costs, interest and attorney fees;

   e. An order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation; and

   f. An order awarding whatever equitable relief appears appropriate at the time of trial, including reinstatement.

## COUNT VI - 42 USC § 2000 et seq
## TITLE VII OF CIVIL RIGHTS ACT OF 1964 –
## SEXUAL ORIENTATION DISCRIMINATION
## (AGAINST THE MICHIGAN STATE POLICE)

74. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

75. Plaintiff filed an EEOC complaint and has received a right to sue letter from the EEOC.

76. Defendant discriminated against Plaintiff because of her sexual orientation.

77. Plaintiff's sexual orientation was at least a factor in Defendant MSP's decision to reject the Plaintiff's application for promotion; consequently, this case should be analyzed as a

11

mixed-motive case as described in *White v Baxter,* 533 F3d 381, 400 (6th Cir 2008).

78. Defendant's refusal to promote Plaintiff violated Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et seq.

79. As a proximate result of Defendant MSP's unlawful actions against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries; and loss of the ordinary pleasures of life, including the right to pursue gainful employment in his occupation of choice.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant MSP for:

    a. Economic damages in whatever amount above $75,000.00 she is found to be entitled, including damages for lost wages and the value of fringe benefits, past and present;

    b. Non-economic damages in whatever amount above $75,000.00 she is found to be entitled;

    c. Exemplary damages in whatever amount above $75,000.00 she is found to be entitled;

    d. An award of costs, interest and attorney fees;

    e. An order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation; and

    f. An order awarding whatever equitable relief appears appropriate at the time of trial, including reinstatement.

                                      Respectfully submitted,

                                      */s/ James K. Fett*
                                      By:  James K. Fett (P39461)
                                      Fett & Fields, P.C.
                                      805 E. Main St.
                                      Pinckney, MI  48169
                                      734-954-0100
                                      jim@fettlaw.com
Dated:  June 24, 2021               Attorneys for Plaintiff

# JURY DEMAND

      NOW COMES Plaintiff Larissa LaMay, through her counsel Fett & Fields, P.C., and hereby demands trial by jury in the above-captioned matter.

                                      */s/ James K. Fett*
                                      By:  James K. Fett (P39461)
                                      Fett & Fields, P.C.
                                      805 E. Main St.
                                      Pinckney, MI  48169
                                      734-954-0100
                                      jim@fettlaw.com
Dated:  July 1, 2021                Attorneys for Plaintiff