UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARISSA LaMAY,

    Plaintiff,

v

MICHIGAN STATE POLICE, an
agency of the State of Michigan, JOSEPH M.
GASPER, in his individual and official capacities,
and KEYONN WHITFIELD,
in his individual capacity,

    Defendants.

Case No.  5:20-cv-12617
Hon:  Judith E. Levy

| James K. Fett (P39461)<br>Fett & Fields, P.C.<br>407 North Main Street, 2nd Floor<br>Ann Arbor, MI 48104<br>734-954-0100<br>Fax: 734-954-0762<br>jim@fettlaw.com<br>Attorney for Plaintiff | Kyla Barranco (P81082)<br>Adam R. deBear (P80242)<br>Dept. of Attorney General<br>525 W. Ottawa St Fl 2<br>PO Box 30754<br>Lansing, MI 48933-1067<br>(517) 335-7573<br>barrancok@michigan.gov<br>debeara@michigan.gov<br>Attorneys for Defendants |
|---|---|

## CORRECTED MOTION TO SUPPLEMENT RECORD

Plaintiff, through counsel, moves this Court as follows:

1.    The Court heard Defendants' Motion for Summary Judgment on Tuesday, December 13, 2022.

2.    During oral argument, the Court inquired about whether Defendant Whitfield was aware of Plaintiff's sexual orientation, a point not raised by Defendants.

3.    Plaintiff's counsel responded that there is nothing in the record because Defendants never raised the issue.

4. Plaintiff's counsel further pointed out that he had declarations on this point but did not include them in the record since Defendants did not raise the issue.

5. The December 21, 2021 declaration of Plaintiff and the August 2, 2022 declaration of Sgt. Michael Zarate are attached as Exhibits A and B, respectively.

6. Plaintiff wishes to submit these declarations (which are not hearsay under FRE 801(d)(2)(D) *Thomas v Harvey,* 381 Fed.Appx. 542, 546-549 (6th Cir 2010) because they, along with evidence of Defendant Whitfield's mendacity, create an issue of fact regarding whether Whitfield knew Plaintiff's sexual orientation when he declined to adjourn her interview.

7. Concurrence in this Motion was requested and denied.

Wherefore, Plaintiff requests the Court to accept the declarations as part of the Summary Judgment record.

Respectfully submitted,

FETT & FIELDS, P.C.

*/s/ James K. Fett*
By: James K. Fett (P39461)
407 N. Main St., 2nd Fl.
Ann Arbor, MI 48104
(734) 954-0100
Attorney for Plaintiff

Dated: December 30, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARISSA LaMAY,

    Plaintiff,

v

MICHIGAN STATE POLICE, an
agency of the State of Michigan, JOSEPH M.
GASPER, in his individual and official capacities,
and KEYONN WHITFIELD,
in his individual capacity,

    Defendants.

Case No. 4:20-cv-12617
Hon: Judith E. Levy

James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorney for Plaintiff

Mark Donnelly (P39281)
Kyla Barranco (P81082)
Adam R. deBear (P80242)
Dept. of Attorney General
525 W. Ottawa St Fl 2
PO Box 30754
Lansing, MI 48933-1067
(517) 335-7573
donnellym@michigan.gov
barrancok@michigan.gov
debeara@michigan.gov
Attorneys for Defendants

**PLAINTIFF'S BRIEF IN SUPPORT OF CORRECTED
MOTION TO SUPPLEMENT SUMMARY
JUDGMENT RECORD**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................................... ii
QUESTIONS PRESENTED ..................................................................................... iii
FACTS ........................................................................................................................ 1
ARGUMENT .............................................................................................................. 2
CONCLUSION .......................................................................................................... 2

# INDEX OF AUTHORITIES

## Cases

*Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997)............................................1

*Compressor Eng'g Corp. v. Manufacturers Fin. Corp.*, No. 09-14444, 2019 WL 1326035 at *4 (E.D. Mich. Mar. 25, 2019)..................................................................................................1

*Southall v. USF Holland, Inc.*, 2018 WL 6413651 at *4 (MD. Tenn. 2018) ..................................1

*Thomas v Harvey*, 381 Fed.Appx. 542, 546-549 (6th Cir 2010) ......................................................2

## Court Rules

Fed. R. Civ. P. 1..............................................................................................................................2

Fed. R. Civ. P. 56............................................................................................................................1

FRE 801(d)(2)(D) ...........................................................................................................................2

## QUESTIONS PRESENTED

I. Whether declarations containing admissible evidence are to be considered on motion for summary judgment.

II. Whether the Court should grant Plaintiff's motion to supplement the summary judgment record to address an issue not raised by Defendants but raised by the Court *sua sponte*.

## FACTS

Plaintiff wishes to supplement the summary judgment record with the Declarations of Plaintiff (**Exhibit A**) and Sgt. Michael Zarate (**Exhibit B**). Plaintiff's request is prompted by the Court's inquiry about whether Defendant Whitfield was aware of Plaintiff's sexual orientation, a point not raised by Defendants and therefore not briefed by either party.

## ARGUMENT

"Fed. R. Civ. P. 56 expressly permits a party seeking or opposing summary judgment to rely on depositions, affidavits, and declarations, and other materials in the record." Fed. R. Civ. P. 56(c)(1)(A)." *Compressor Eng'g Corp. v. Manufacturers Fin. Corp.*, No. 09-14444, 2019 WL 1326035, at *4 (E.D. Mich. Mar. 25, 2019) citing Fed. R. Civ. P. 56 (c)(1)(A). "The rule further provides, in subsection (c)(4), that an 'affidavit or declaration used to support of oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affidavit or declarant is competent to testify on the matters stated.'" *Id*. citing Fed. R. Civ. P. 56(c)(4).

"The evidence presented in connection with a Rule 56 summary judgment motion 'need not be in an admissible form, but its *content* must be admissible.'" *Id*. citing *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997) (emphasis in original). "In other words, '[a]lthough summary judgment should be based on admissible evidence, that evidence does not necessarily have to be presented in final, admissible form at the time of the summary judgment motion.'" *Id*. citing *Southall v. USF Holland, Inc.*, 2018 WL 6413651 at *4 (MD. Tenn. 2018).

Here, Plaintiff sets forth in her declaration admissible facts or testimony made from personal knowledge that she will testify to that raise a question of fact as to Defendant Whitfield's knowledge. More specifically, paragraph 3 of Plaintiff's declaration states facts which are not

hearsay if testified to at trial. **Exhibit A**. Moreover, paragraphs 4 through 7 are also not hearsay or are admissible pursuant to FRE 801(d)(2)(D). **Exhibit A**.

Likewise, Sgt. Zarate's declaration contains evidence made from personal knowledge that are his own observations or admissible pursuant to FRE 801(d)(2)(D). **Exhibit B**.

Thus, both declarations contain admissible evidence that is proper to consider on summary judgment.

## CONCLUSION

The Court should grant the motion because the declarations contain admissible evidence, Defendants will not be prejudiced, and granting the motion would be consistent with the Federal Rules which provide that they are to be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1; *Thomas v Harvey*, 381 Fed.Appx. 542, 546-549 (6th Cir 2010).

Respectfully submitted,

FETT & FIELDS, P.C.

*/s/ James K. Fett*
By: James K. Fett (P39461)
407 N. Main St.
Ann Arbor, MI 48104
734-954-0100

Dated: December 30, 2021   Attorney for Plaintiffs

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on December 30, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

>	/s/James K. Fett
>	James K. Fett (P39461)
>	Attorney for Plaintiff